UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) 3:10-CR-61 |
| v. | ) |
| | ) JUDGES Guyton/Varlan |
| SELECTIVE STRUCTURES, LLC., | ) |
| Defendant. | ) |

## PLEA AGREEMENT

The United States of America, by and through the United States Attorney for the Eastern District of Tennessee and the Assistant Attorney General for the Environment and Natural Resources Division, and the Defendant SELECTIVE STRUCTURES, LLC (hereinafter "SELECTIVE STRUCTURES" or " the Defendant"), by and through its authorized representative, Marsha Cole, and its attorney, W. Thomas Dillard, have agreed upon the following:

1. The Defendant agrees to plead guilty to the attached Information, which is incorporated herein by reference, charging a violation of the Resource Conservation and Recovery Act, Title 42 U.S.C. § 6928(d)(2)(A), knowingly storing hazardous waste without a permit. The punishment for this offense is a fine of up to $500,000, or $50,000 per for each day of violation, and a mandatory special assessment of $400.00.

2. The parties agree that the appropriate disposition of this case would be the following:

    a. The Court may impose any lawful fine up to the statutory maximum;

    b. The Court may impose any lawful term of probation up to the statutory

maximum;

c. The Court will impose a special assessment fee as required by law; and

d. The Court may order restitution, as appropriate.

3. Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the Defendant and the United States agree that the appropriate disposition of this case would be as follows:

a. that Defendant shall pay a fine of $80,000 upon the following schedule: $30,000 at sentencing, $25,000 within six months of sentencing, and $25,000 within 12 months of sentencing;

b. that Defendant shall be placed on probation for a term of 37 months and agrees to pay a $170,000 administrative penalty and damages of $9,174.18 to the Tennessee Department of Environment and Conservation as a special condition of probation, in accordance with the following schedule: $51,674.18 within 30 days of sentencing, $42,500 within one year of the first payment, $42,500 within two years of the first payment, and $42,500 within three years of the first payment. As an additional condition of probation, the Defendant shall report any notices of violation or other enforcement action taken by the Tennessee Department of Environment and Conservation or the United States Environmental Protection Agency to the U.S. Probation Office and the United States Attorney for the Eastern District of Tennessee. In the event that the Defendant satisfies these financial obligations and has paid the criminal fine fine set forth above prior to the schedule set forth in subparagraph a, the

2

United States will not object to the Court terminating the Defendant's probation early;

c. that the Defendant shall pay the $400.00 special assessment at sentencing; and

d. that the Defendant shall retain the services of an environmental compliance consultant to conduct quarterly compliance audits while on probation. These audits will include a visual inspection of the facility, a review of facility records and file information, and interviews of facility personnel by the consultant. The audit areas shall include air emissions, stormwater, wastewater, oil-filled electronic equipment/PCBs, underground storage tanks, above ground storage tanks, groundwater wells, chemical handling and storage (including hazardous and non-hazardous waste), waste generation and disposal, Section 312 of the Emergency Planning and Community Right-to-Know Act, and hazard communication program (Material Safety Data Sheets). The Defendant shall pay for the consultant to prepare a report of the audit, a copy of which the Defendant agrees to provide to the United States Attorney's Office within 30 days of receipt. In the event that the consultant's report identifies any compliance deficiencies, the Defendant shall also submit a plan to the United States Attorney's Office which will explain how any deficiencies will be remedied and a timetable for the implementation of the remedial actions that the Defendant will undertake to address the deficiencies identified by the consultant. The Defendant agrees to waive any privileges that it may otherwise be able to assert as to the consultant's report and agrees

3

that the United States Attorney's Office may share the report with any regulatory agencies that it deems appropriate, including but not limited to the U.S. Environmental Protection Agency and the Tennessee Department of Environment and Conservation.

4. The Defendant's authorized representative has read the Information, discussed the charges and possible defenses with defense counsel, and understand the offenses charged. The Defendant is pleading guilty because it is, in fact, guilty In order to be guilty, the Defendant agrees that each of the following elements of the crimes must be proved beyond a reasonable doubt:

   a. that Selective Structures is a "person" as that term is used in 42 U.S.C. § 6928(d);

   b. that employees of Selective Structures, acting within their scope of employment and at least in part for the benefit of the Selective Structures;

   c. knowingly;

   d. stored;

   e. hazardous waste;

   f. without a permit from the United States Environmental Protection Agency or the Tennessee Department of Environment and Conservation.

5. An Agreed Factual Basis which establishes the factual basis supporting this plea and is relevant to all matters pertinent to sentencing is attached hereto and incorporated herein by reference. This written stipulation of facts shall form the factual basis offered in support of this plea.

6. The Defendant and the United States agree to waive their rights to have the United States Probation Office prepare a Presentence Investigation Report. The parties will request that the Court accept the Defendant's pleas of guilty and impose sentence on an expedited schedule as early as the date of arraignment, under the provisions of Federal Rule of Criminal Procedure 32(c)(1) and U.S.S.G. § 6A1.1.

7. The United States agrees not to further prosecute the Defendant in the Eastern District of Tennessee for any other non-tax criminal offenses committed by the Defendant related to the charges set forth in the Information, and those known to the United States as of the date this agreement is executed.

8. The Defendant understands that, by pleading guilty, the Defendant is giving up several rights, including:

   a. the right to be charged by a grand jury of the crime set forth in the Information
   b. the right to plead not guilty;
   c. the right to a speedy and public trial by jury;
   d. the right to assistance of counsel at trial;
   e. the right to be presumed innocent and to have the burden of proof placed on the United States to prove the Defendant guilty beyond a reasonable doubt;
   f. the right to confront and cross-examine witnesses against the Defendant; and
   g. the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses.

9. If the United States violates the terms of this agreement, the Defendant will have the right to withdraw from this agreement. If the Defendant violates the terms of this agreement,

moves to withdraw the Defendant's guilty plea, or violates any court order, local, state or federal law pending the resolution of this case, the United States will have the right withdraw from the agreement. In addition, the United States may prosecute the Defendant for any and all federal crimes that the Defendant committed related to this case, including any charges that were dismissed. The Defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial defense to such a prosecution for crimes related to the charged conduct. The Defendant also understands that a violation of this plea agreement by the Defendant does not entitle the Defendant to withdraw the guilty plea in this case.

10. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the Defendant's guilty plea to the above-referenced charge, and there are no other agreements, promises, undertakings, or understandings between the Defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

6

JAMES R. DEDRICK
United States Attorney
Eastern District of Tennessee

IGNACIA S. MORENO
Assistant Attorney General
United States Department of Justice

5/10/2010            By:    *[signature]*
Date                        Matthew T. Morris
                            Assistant United States Attorney
                            800 Market Street, Suite 211
                            Knoxville, TN 37902


5/10/2010            By:    *[signature]* w/ permission
Date                        James B. Nelson
                            Trial Attorney
                            Environmental Crimes Section
                            United States Department of Justice

7

SELECTIVE STRUCTURES, Defendant

I certify that I have the authority to enter into this agreement on the behalf of the Defendant.

4-28-10     By: *Marsha Fullington*
Date             Marsha Fullington
                   Authorized Representative

5-3-10      By: *W. Thomas Dillard*
Date             W. Thomas Dillard
                   Counsel for Defendant